UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCAPONE ALO,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO CITY COLLEGE, STATE CENTER COMMUNITY COLLEGE,<br><br>    Defendants. | Case No. 1:22-cv-01271-ADA-BAM<br><br>**SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

    Plaintiff Alcapone Alo ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action against Fresno City College and State Center Community College on October 6, 2022. (Doc. 1.) Plaintiff's complaint is currently before the Court for screening.

    **II.**    **Screening Requirement and Standard**

    The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff names as Defendants: (1) Fresno City College, and (2) State Center Community College.

Plaintiff alleges that the CARES Act allotted 2.2 trillion dollars to provide aid to the American people impacted by COVID-19. Fourteen (14) billion dollars was given to the U.S Department of Education. HEERF II was authorized by CRRSAA (Coronavirus Response and Relief Supplemental Appropriations Act of 2021 (CRRSAA)) with 81 billion in support of education. According to Congress and Department of Education, 50% of the HEERF under section 18004(a)(1) and 18004(c) of the CARES Act and CRRSAA were to be distributed to all students who are enrolled in distance and in person learning. This fund shall not be held captive in "student account" without student consent.

Plaintiff is disqualified from receiving Financial Aid Assistance and is struggling to get back and forth from school due to gas inflation and other expenses. Plaintiff is being excluded from receiving aid from the HEERF program. On August 20, 2022, Plaintiff has been excluded from participating in a certificate program (Automotive Technology) due to a lack of a uniform. The EOPS counselor informed Plaintiff that students should receive HEERF funds and that Plaintiff could use his HEERF funds to pay for the uniform.

On June 30, 2022, Plaintiff alleges he was dropped from the course as a "late instructor

drop," but Plaintiff did not receive notice of the drop notice. This was in violation of Defendants' policy of providing notice to students. Plaintiff petitioned to review his records, but has not received word.

On August 8, 2022, Plaintiff was notified that he no longer qualified to receive financial aid. Plaintiff appealed the decision and supported the appeal with evidence that Plaintiff was unable to meet the requirement in 20 U.S.C. §1091. Plaintiff's appeal was denied. Defendant were not to take any action against Plaintiff for 30 days. "From August 8 until 30 days has elapse, I should've recieve a pellgrant from the defendant." [unedited text.]

On August 30, 2022, Plaintiff was excluded from participating in Auto 174 because Plaintiff needed a uniform, according to Plaintiff's policy.

As remedies, Plaintiff seeks the HEERF that he is entitled to. Plaintiff alleges that Defendants' actions are in violation of Fourteenth Amendment equal protection clause.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983 or other federal law. Because he is proceeding pro se, Plaintiff will be granted leave to amend his complaint to the extent that he can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short but is not a plain statement of his claims. Plaintiff makes

1  conclusory statements that certain code provisions or other laws were violated.  For instance,
2  Plaintiff alleges that he was denied equal protection, but does not include facts describing what
3  conduct resulted in denial of equal protection.  If Plaintiff files an amended complaint, it should
4  be a short and plain statement of her claims and must be limited only to those factual allegations
5  related to his claims which identify what happened, when it happened and who was involved.
6  Fed. R. Civ. P. 8.

### B.  The CARES Act and HEERF

In March 2020, in response to the coronavirus pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136. Among other things, the CARES Act provides new federal funding to colleges and universities. Section 180001 of the CARES Act creates the "Education Stabilization Fund," which is endowed with $30.75 billion. Of that amount, § 18004 allocates approximately $13.953 billion to the Higher Education Emergency Relief Fund ("HEERF"). Pub. L. No. 116-136, §18004, 134 Stat. 281, 568. That provision also tasks the Secretary of Education with allocating Relief Fund money to colleges and universities. The portion of the CARES Act establishing the HEERF program, Section 18004, requires schools to "use no less than 50 percent of such funds to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to coronavirus." See Pub. L. No. 116-36, 134 Stat. 281, 568.

HEERF funds are directed to institutions of higher learning in order to provide relief both to the institutions of higher learning themselves and to their students due to significant changes and disruption associated with the coronavirus. § 18004(c), 134 Stat. at 568. The institutions of higher learning are given broad discretion as to how the funds may be used, including covering students' costs for food, housing, technology, heath care and childcare occasioned by this national emergency. *Id*. HEERF relief is targeted toward institutions of higher learning to provide aid to their students.  At least 50 percent of the funds ("HEERF Student Assistance") must be used "to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to coronavirus (including eligible expenses under a student's cost of

attendance, such as food, housing, course materials, technology, health care, and child care).[1] § 18004(c), at 568. *See Oakley v. Devos*, No. 20-CV-03215-YGR, 2020 WL 3268661, at *15 (N.D. Cal. June 17, 2020), appeal dismissed, No. 20-16564, 2021 WL 3624854 (9th Cir. May 20, 2021) (granting preliminary injunction against United States Department of Education and its Secretary, in her official capacity, for imposition of eligibility restrictions on emergency relief funds).

Here, Plaintiff seeks to enforce his "right" to HEERF funds from the institution of higher learning where he is or was enrolled. The CARES Act, however, does not provide a private right of action. *Betancourt v. Total Prop. Mgmt.*, 2022 WL 2359286, at *3 (E.D. Cal. June 30, 2022) (finding "the CARES Act provides no private right of action"); *Horvath v. JP Morgan Chase & Company*, 2022 WL 80474, at *5 (S.D. Cal. Jan. 7, 2022) (finding "[p]laintiff does not have a cause of action under the CARES Act."); *Am. Video Duplicating, Inc. v. City Nat'l Bank*, 2020 WL 6882735, at *4 (C.D. Cal. Nov. 20, 2020) (noting "every court to address whether the CARES Act created an implied private right of action has held that it does not."). "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Determining whether a federal law creates a private right of action "is basically a matter of statutory construction." *Transam. Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979). No court has permitted a private right of action against the institution of higher learning based on failure to provide funds to students under the HEERF program. *Noerand v. Devos*, 474 F. Supp. 3d 394 (D. Mass. 2020), appeal dismissed sub nom. *Noerand v. Cardona*, No. 20-1924, 2021 WL 4452061 (1st Cir. May 20, 2021) (granting preliminary injunction in action brought by College student against United States Department of Education and its Secretary, in her official

---

[1] In December 2020, Congress enacted the Coronavirus Response and Relief Supplemental Appropriations Act, 2021, Pub. L. No. 116-260 (2020) ("CRRSAA"), which appropriated $21.2 billion to a second Higher Education Emergency Relief Fund ("HEERF II"). In relevant part, HEERF II states that, "An institution of higher education receiving funds under this section may use the funds received to . . . (3) provide financial aid grants to students (including students exclusively enrolled in distance education), which may be used for any component of the student's cost of attendance or for emergency costs that arise due to coronavirus, such as tuition, food, housing, health care (including mental health care), or child care. In making financial aid grants to students, an institution of higher education shall prioritize grants to students with exceptional need, such as students who receive Pell Grants." Pub. L. No 116-260, December 27, 2020, 134 Stat. 1182.

1   capacity, challenging the determination that she was ineligible to receive emergency relief funds
2   under the CARES Act.) The Court has reviewed the HEERF and HEERF II statutory language,
3   134 Stat. at 314, which does not contain language creating a private right of action against an
4   institution of higher learning.

5   Plaintiff does not have a private right of action for monetary damages against an
6   institution of higher learning, the Defendants in this case, under the CARES Act, HEERF or
7   HEERF II.

### C. Equal Protection

Plaintiff appears to allege he was denied equal protection.

The Equal Protection Clause of the Fourteenth Amendment requires every individual to be judged individually and receive equal justice under the law. *Plyler v. Doe*, 457 U.S. 202, 216 n.14 (1982). This has not, however, been held to mean that all individuals must receive equal treatment. To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, *Hartmann v. California Dept. of Corrections and Rehabilitation*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008). Plaintiff must show the defendants acted with an intent or purpose to discriminate against him based on his membership in a suspect or quasi-suspect class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff fails to allege that he is in a protected class. In addition, Plaintiff fails to sufficiently allege that Plaintiff was intentionally discriminated against based on his membership in a protected class, or that Plaintiff was intentionally treated differently than similarly situated individuals without a rational relationship to a legitimate state purpose. Accordingly, the Court finds that Plaintiff fails to state an equal protection claim.

Plaintiff also alleges a violation of 42 U.S.C. §2000d, although it is unclear from the allegations what violation occurred.

"No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "[P]rivate individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages." *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). "To state a Title VI claim, 'a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance.' " *Scutt v. UnitedHealth Ins. Co.,* CIVIL NO. 21-00323 JAO-RT, 2021 WL 3195018, at *2 (D. Hawaiʻi July 28, 2021) (quoting *Fobbs v. Holy Cross Health Sys. Corp*., 29 F.3d 1439, 1447 (9th Cir. 1994), overruled on other grounds by *Daviton v. Columbia/HCA Healthcare Corp*., 241 F.3d 1131 (9th Cir. 2001) (en banc)). "Title VI itself directly reaches only instances of intentional discrimination." *Alexander*, 532 U.S. at 281 (brackets, citation, and quotation marks omitted).

Plaintiff fails to state a claim. The complaint does not contain facts indicating any defendant intentionally discriminated against Plaintiff in connection with a federally-funded program based on his "race, color, or national origin."

**D. Eleventh Amendment Immunity**

As a preliminary matter, "the Eleventh Amendment bars suits against a state brought by its own citizens, whether the relief sought is money damages or an injunction." *Seater v. Cal. State Univ., Fullerton*, 48 F.3d 1228, 1228 (9th Cir. 1995) (internal citations omitted). "Moreover, agencies of the state, such as California state colleges and universities, are similarly immune from private damage actions or suits for injunctive relief brought in federal court pursuant to 42 U.S.C. § 1983." Id. (citing *Mitchell v. L.A. Cmty. Coll. Dist*., 861 F.2d 198, 201 (9th Cir. 1988)). The Ninth Circuit has repeatedly held that California community college districts constitute "arms of the state entitled to sovereign immunity under the Eleventh Amendment." *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1021 n.4 (9th Cir. 2010) (623 F.3d 1011, 1021); *see Cerrato v. S.F. Cmty. Coll. Dist*., 26 F.3d 968, 972 (9th Cir. 1994) (determining that community

college districts are entitled to Eleventh Amendment immunity as dependent instrumentalities of the state).

### E. State Law Claims

To the extent Plaintiff is attempting to assert state law claims, the Court declines to screen them in the absence of a cognizable claim for relief under federal law.  Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.

### IV.     Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."

Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: __November 3, 2022__        /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE

9