1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ALCAPONE ALO, | Case No.  1:22-cv-01271-ADA-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE** |
| v. | |
| FRESNO CITY COLLEGE, STATE CENTER COMMUNITY COLLEGE, | (Doc. 7) |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

        Plaintiff Alcapone Alo ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this

civil action against Fresno City College and State Center Community College on October 6,

2022.  (Doc. 1.)

        On November 3, 2022, the Court screened Plaintiff's complaint and granted him leave to

amend within thirty (30) days of service of the Court's order.  (Doc. 7.)  Plaintiff was expressly

warned that if he failed to file an amended complaint in compliance with the Court's order, then

the Court would recommend dismissal of this action, with prejudice, for failure to obey a court

order and for failure to state a claim upon which relief may be granted.  (*Id.*)  The deadline for

Plaintiff to file his amended complaint has passed and Plaintiff has not complied with the Court's

order.  The Court therefore will recommend dismissal of this action for failure to state a claim

failure to obey a court order and failure to prosecute.

                                    1

## I. Failure to State a Claim

### A. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Summary of Plaintiff's Allegations

Plaintiff names as Defendants: (1) Fresno City College, and (2) State Center Community College.

Plaintiff alleges:  The CARES Act allotted 2.2 trillion dollars to provide aid to the American people impacted by COVID-19. Fourteen (14) billion dollars was given to the U.S Department of Education. HEERF II was authorized by CRRSAA (Coronavirus Response and Relief Supplemental Appropriations Act of 2021) with 81 billion in support of education. According to Congress and the Department of Education, 50% of the HEERF under section

18004(a)(1) and 18004(c) of the CARES Act and CRRSAA were to be distributed to all students enrolled in distance and in-person learning and not held captive in a "student account" without student consent.

Plaintiff alleges he is disqualified from receiving Financial Aid Assistance and is struggling to get back and forth from school due to gas inflation and other expenses. Plaintiff further alleges he is being excluded from receiving aid from the HEERF program.

On August 20, 2022, Plaintiff was excluded from participating in a certificate program (Automotive Technology) due to a lack of a uniform. The EOPS counselor informed Plaintiff that students should receive HEERF funds, and that Plaintiff could use his HEERF funds to pay for the uniform.

On June 30, 2022, Plaintiff alleges he was dropped from the course as a "late instructor drop," but Plaintiff did not receive notice that he was being dropped from the class. Plaintiff contends this was in violation of Defendants' policy of providing notice to students. Plaintiff petitioned to review his records but has not received word.

On August 8, 2022, Plaintiff was notified that he no longer qualified to receive financial aid. Plaintiff appealed the decision and supported the appeal with evidence that Plaintiff was unable to meet the requirement in 20 U.S.C. §1091. Plaintiff's appeal was denied. Defendants reportedly were not to take any action against Plaintiff for 30 days. Plaintiff alleges that "[f]rom August 8 until 30 days has elapse, I should've recieve a pellgrant from the defendant." (Doc. 1 at 8) (unedited text).

On August 30, 2022, Plaintiff alleges he was excluded from participating in Auto 174 because Plaintiff needed a uniform, according to the Defendants' policy, to participate in the program.

As a remedy, Plaintiff seeks an order compelling Defendants to issue the HEERF that he is entitled to. Plaintiff alleges that Defendants' actions are in violation of the Fourteenth Amendment equal protection clause.

///

///

3

**C. Discussion**

1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short but is not a plain statement of his claims. Plaintiff makes conclusory statements that certain code provisions or other laws were violated.  For instance, Plaintiff alleges that he was denied equal protection, but does not include facts describing what conduct resulted in denial of equal protection.

2. The CARES Act and HEERF

In March 2020, in response to the coronavirus pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136. Among other things, the CARES Act provides new federal funding to colleges and universities. Section 180001 of the CARES Act creates the "Education Stabilization Fund," which is endowed with $30.75 billion. Of that amount, § 18004 allocates approximately $13.953 billion to the Higher Education Emergency Relief Fund ("HEERF"). Pub. L. No. 116-136, §18004, 134 Stat. 281, 568. That provision also tasks the Secretary of Education with allocating Relief Fund money to colleges and universities. The portion of the CARES Act establishing the HEERF program, Section 18004, requires schools to "use no less than 50 percent of such funds to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to coronavirus." *See* Pub. L. No. 116-36, 134 Stat. 281, 568.

HEERF funds are directed to institutions of higher learning in order to provide relief both to the institutions of higher learning themselves and to their students due to significant changes

4

1   and disruption associated with the coronavirus. § 18004(c), 134 Stat. at 568. The institutions of

2   higher learning are given broad discretion as to how the funds may be used, including covering

3   students' costs for food, housing, technology, heath care and childcare occasioned by this national

4   emergency. *Id*. HEERF relief is targeted toward institutions of higher learning to provide aid to

5   their students.  At least 50 percent of the funds ("HEERF Student Assistance") must be used "to

6   provide emergency financial aid grants to students for expenses related to the disruption of

7   campus operations due to coronavirus (including eligible expenses under a student's cost of

8   attendance, such as food, housing, course materials, technology, health care, and child care)."[1] §

9   18004(c), at 568. *See Oakley v. Devos*, No. 20-CV-03215-YGR, 2020 WL 3268661, at *15 (N.D.

10  Cal. June 17, 2020), appeal dismissed, No. 20-16564, 2021 WL 3624854 (9th Cir. May 20, 2021)

11  (granting preliminary injunction against United States Department of Education and its Secretary,

12  in her official capacity, for imposition of eligibility restrictions on emergency relief funds).

13          Here, Plaintiff seeks to enforce his "right" to HEERF funds from the institution of higher

14  learning where he is or was enrolled.  The CARES Act, however, does not provide a private right

15  of action. *Betancourt v. Total Prop. Mgmt.,* 2022 WL 2359286, at *3 (E.D. Cal. June 30, 2022)

16  (finding "the CARES Act provides no private right of action"); *Horvath v. JP Morgan Chase &*

17  *Company*, 2022 WL 80474, at *5 (S.D. Cal. Jan. 7, 2022) (finding "[p]laintiff does not have a

18  cause of action under the CARES Act."); *Am. Video Duplicating, Inc. v. City Nat'l Bank*, 2020

19  WL 6882735, at *4 (C.D. Cal. Nov. 20, 2020) (noting "every court to address whether the

20  CARES Act created an implied private right of action has held that it does not."). "[P]rivate rights

21  of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S.

22  275, 286 (2001). Determining whether a federal law creates a private right of action "is basically

23

24  [1] In December 2020, Congress enacted the Coronavirus Response and Relief Supplemental Appropriations
    Act, 2021, Pub. L. No. 116-260 (2020) ("CRRSAA"), which appropriated $21.2 billion to a second Higher

25  Education Emergency Relief Fund ("HEERF II"). In relevant part, HEERF II states that, "An institution of
    higher education receiving funds under this section may use the funds received to . . . (3) provide financial

26  aid grants to students (including students exclusively enrolled in distance education), which may be used
    for any component of the student's cost of attendance or for emergency costs that arise due to coronavirus,

27  such as tuition, food, housing, health care (including mental health care), or child care. In making financial
    aid grants to students, an institution of higher education shall prioritize grants to students with exceptional

28  need, such as students who receive Pell Grants." Pub. L. No 116-260, December 27, 2020, 134 Stat. 1182.

a matter of statutory construction." *Transam. Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979).  No court has permitted a private right of action against the institution of higher learning based on failure to provide funds to students under the HEERF program.  *Noerand v. Devos*, 474 F. Supp. 3d 394 (D. Mass. 2020), appeal dismissed sub nom. *Noerand v. Cardona*, No. 20-1924, 2021 WL 4452061 (1st Cir. May 20, 2021) (granting preliminary injunction in action brought by college student against United States Department of Education and its Secretary, in her official capacity, challenging the determination that she was ineligible to receive emergency relief funds under the CARES Act.) The Court has reviewed the HEERF and HEERF II statutory language, 134 Stat. at 314, which does not contain language creating a private right of action against an institution of higher learning.

Plaintiff does not have a private right of action for monetary damages against an institution of higher learning, the Defendants in this case, under the CARES Act, HEERF or HEERF II.

### 3.  Equal Protection

Plaintiff appears to allege he was denied equal protection.

The Equal Protection Clause of the Fourteenth Amendment requires every individual to be judged individually and receive equal justice under the law. *Plyler v. Doe*, 457 U.S. 202, 216 n.14 (1982). This has not, however, been held to mean that all individuals must receive equal treatment. To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, *Hartmann v. California Dept. of Corrections and Rehabilitation*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008). Plaintiff must show the Defendants acted with an intent or purpose to discriminate against him based on his membership in a suspect or quasi-suspect class. *See Barren*

1    *v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

2         Plaintiff fails to allege that he is in a protected class.  In addition, Plaintiff fails to

3    sufficiently allege that he was intentionally discriminated against based on his membership in a

4    protected class, or that he was intentionally treated differently than similarly situated individuals

5    without a rational relationship to a legitimate state purpose.  Accordingly, the Court finds that

6    Plaintiff fails to state an equal protection claim.

7         Plaintiff also alleges a violation of 42 U.S.C. § 2000d, although it is unclear from the

8    allegations what violation occurred. This section provides:  "No person in the United States shall,

9    on the ground of race, color, or national origin, be excluded from participation in, be denied the

10   benefits of, or be subjected to discrimination under any program or activity receiving Federal

11   financial assistance." 42 U.S.C. § 2000d. "[P]rivate individuals may sue to enforce § 601 of Title

12   VI and obtain both injunctive relief and damages." *Alexander v. Sandoval*, 532 U.S. 275, 279

13   (2001). "To state a Title VI claim, 'a plaintiff must allege that (1) the entity involved is engaging

14   in racial discrimination; and (2) the entity involved is receiving federal financial assistance.' "

15   *Scutt v. UnitedHealth Ins. Co.,* CIVIL NO. 21-00323 JAO-RT, 2021 WL 3195018, at *2 (D.

16   Hawai'i July 28, 2021) (quoting *Fobbs v. Holy Cross Health Sys. Corp*., 29 F.3d 1439, 1447 (9th

17   Cir. 1994), overruled on other grounds by *Daviton v. Columbia/HCA Healthcare Corp*., 241 F.3d

18   1131 (9th Cir. 2001) (en banc)). "Title VI itself directly reaches only instances of intentional

19   discrimination." *Alexander*, 532 U.S. at 281 (brackets, citation, and quotation marks omitted).

20         Plaintiff fails to state a claim.  The complaint does not contain facts indicating any

21   defendant intentionally discriminated against Plaintiff in connection with a federally-funded

22   program based on his "race, color, or national origin."

23                        4.  Eleventh Amendment Immunity

24         As a preliminary matter, "the Eleventh Amendment bars suits against a state brought by

25   its own citizens, whether the relief sought is money damages or an injunction." *Seater v. Cal.

26   State Univ., Fullerton*, 48 F.3d 1228, 1228 (9th Cir. 1995) (internal citations omitted). "Moreover,

27   agencies of the state, such as California state colleges and universities, are similarly immune from

28   private damage actions or suits for injunctive relief brought in federal court pursuant to 42 U.S.C.

1   § 1983." *Id.* (citing *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988)). The

2   Ninth Circuit has repeatedly held that California community college districts constitute "arms of

3   the state entitled to sovereign immunity under the Eleventh Amendment." *Johnson v. Rancho*

4   *Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1021 n.4 (9th Cir. 2010) (623 F.3d 1011, 1021); *see*

5   *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (determining that community

6   college districts are entitled to Eleventh Amendment immunity as dependent instrumentalities of

7   the state).

8                                  5.   State Law Claims

9          To the extent Plaintiff is attempting to assert state law claims, the Court declines to

10  screen them in the absence of a cognizable claim for relief under federal law.  Under 28 U.S.C. §

11  1367(a), in any civil action in which the district court has original jurisdiction, the "district courts

12  shall have supplemental jurisdiction over all other claims that are so related to claims in the

13  action within such original jurisdiction that they form part of the same case or controversy under

14  Article III of the United States Constitution," except as provided in subsections (b) and (c). The

15  Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims

16  should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

17  Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must

18  first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.   It will be

19  recommended that the district court decline to exercise supplemental jurisdiction over Plaintiff's

20  state law claims.

21  **II.     Failure to Obey a Court Order and Failure to Prosecute**

22                  **A.  Legal Standard**

23         Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

24  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

25  within the inherent power of the Court."  District courts have the inherent power to control their

26  dockets and "[i]n the exercise of that power they may impose sanctions including, where

27  appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

28  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Discussion**

Here, Plaintiff's amended complaint is overdue. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's November 3, 2022

1   screening order expressly warned Plaintiff that his failure to comply would result in a

2   recommendation for dismissal of this action.  (Doc. 7 at 9.)  Thus, Plaintiff had adequate warning

3   that dismissal could result from his noncompliance.

4          Additionally, at this stage in the proceedings there is little available to the Court that

5   would constitute a satisfactory lesser sanction while protecting the Court from further

6   unnecessary expenditure of its scarce resources.  Plaintiff's in forma pauperis status in this action

7   indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is

8   likely to have no effect given that Plaintiff has ceased litigating his case.

9          **III.     Conclusion and Recommendation**

10         For the reasons stated, it is HEREBY RECOMMENDED as follows:

11     1.   Plaintiff's federal claims be dismissed, with prejudice, for Plaintiff's failure to state a

12          claim;

13     2.   The Court decline to exercise supplemental jurisdiction over Plaintiff's state law

14          claims, if any; and

15     3.   This action be dismissed based on Plaintiff's failure to obey the Court's order and

16          failure to prosecute.

17         These Findings and Recommendations will be submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

19   fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may

20   file written objections with the Court.  The document should be captioned "Objections to

21   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

22   objections within the specified time may result in the waiver of the "right to challenge the

23   magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

24   2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

25

26   IT IS SO ORDERED.

27     Dated:   **December 15, 2022**          /s/ *Barbara A. McAuliffe*

28                                    UNITED STATES MAGISTRATE JUDGE